Ethan Jacobs (SBN 291838)
Ethan Jacobs Law Corporation
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 275-0845
ethan@ejacobslaw.com

Attorneys for Plaintiff
Nube Group LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Nube Group LLC,<br><br>Plaintiff,<br>v.<br><br>Twitter, Inc.,<br><br>Defendant. | Case No.: 3:23-cv-921<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT**<br><br>**(2) COMMON COUNT – ACCOUNT STATED**<br><br>**(3) COMMON COUNT – OPEN BOOK ACCOUNT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Nube Group LLC ("Nube") asserts the following claims against Defendant Twitter, Inc. ("Twitter" or "Defendant").

**NATURE OF ACTION**

1. This is an action for breach of contract arising out of Twitter's failure to pay any of Nube's invoices since Elon Musk purchased Twitter in a leveraged buyout in late October 2022.

**JURISDICTION AND VENUE**

2. Plaintiff is a limited liability company organized and existed under the laws of Puerto Rico, a Commonwealth of the United States, with its principal place of business in San Juan, Puerto Rico. Plaintiff is 100% owned by Pablo Kitay, a U.S. citizen who resides in Miami, Florida. Defendant Twitter is a corporation incorporated under the laws of Delaware and having a principal place of business in San Francisco, California. The amount in controversy exceeds $75,000

exclusive of fees and costs. Accordingly, this Court has diversity jurisdiction under 28 U.S.C. § 1332.

3. Defendant Twitter is subject to personal jurisdiction in this Judicial District because its principal place of business is within this District and State and because it consented to personal jurisdiction in this District in "[a]ny legal action or proceeding arising under" the October 31, 2018 Master Services Agreement that gives rise to this lawsuit (the "MSA").

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the acts, events, and omissions giving rise to Plaintiff's claims occurred in this judicial district and because Plaintiff and Defendant consented to venue in this District in "[a]ny legal action or proceeding arising under" the MSA.

## DIVISIONAL ASSIGNMENT

5. A substantial part of the events and omissions that gave rise to the claims in the Complaint—the breach of contract, failure to pay on an account stated, and failure to pay on an open book account—occurred in San Francisco county, and accordingly assignment to the San Francisco Division is warranted.

## THE PARTIES

6. Nube Group LLC ("Nube") is a boutique market research company based in Puerto Rico.

7. Twitter, Inc. ("Twitter") is a social media company based in San Francisco, California.

## COMMON FACTUAL ALLEGATIONS

### A. 2018-2022: The Nube-Twitter Relationship

8. In 2018, Twitter hired Nube to provide market research for Twitter's users in the United States and in global markets. On October 31, 2018, Nube and Twitter entered into a Master Services Agreement that sets out their agreement (the "MSA"). Twitter included the word "Confidential" in the footer of the MSA, which includes does not otherwise specify that the MSA must be kept confidential, and so in an abundance of caution Nube does not attach the MSA as an exhibit to the complaint at this time.

9. Nube has been a preferred supplier of market research for Twitter since the end of 2018. It has completed dozens of statements of work for Twitter and has been retained by multiple Twitter teams and project managers.

10. During the four years Nube worked with Twitter, Twitter never complained about Nube's work, disputed an invoice, or—until the end of 2022—paid late.

**B. 2022: Elon Musk Purchases Twitter, Fires Half the Employees, Destroys its Revenue Stream, and Stops Paying Creditors.**

11. In April 2022, multi-billionaire Elon Musk offered to purchase Twitter for $54.20 per share. Musk was motivated in part by his belief that Twitter's content moderation decisions were hostile to political views of the far right in the United States. On information and belief, the offer price ended with "420" as an allusion to the slang term for cannabis, one of Mr. Musk's hobbies.

12. Soon after Twitter accepted his offer, Musk changed his mind and attempted to back out of his offer, prompting Twitter to sue him in Delaware. Faced with the impossibility of escaping his promises, Musk relented on the eve of his deposition and agreed to purchase Twitter on the terms in his agreement.

13. Musk concluded the purchase of Twitter on October 27, 2022.

14. Musk-owned Twitter immediately laid off half the company's employees and is reportedly refusing to pay their full severance. It also forced out hundreds more after they refused to sign loyalty oaths that would have required them to agree to a "hardcore" work environment. And it fired the executive team that had forced him to close on his purchase of Twitter, including most of the senior legal team.

15. At the same time, Musk became personally involved in Twitter's moderation decisions. On information and belief, Musk was directly involved in the decisions to ban accounts of users who criticized him and to reinstate other accounts, including those of former president Donald Trump, who was banned after using Twitter to incite a mob to attack the U.S. Capitol; and Andrew Anglin, a notorious neo-Nazi.

16. The effect of these moderation decisions was to alienate the advertisers who accounted for the bulk of Twitter's revenues, throwing the company into instant financial crisis.

17. On information and belief, Twitter responded with a campaign of extreme belt-tightening that amounted to requiring nearly everyone to whom it owes money to sue.

18. On information and belief, Twitter stopped paying rent on some of its offices and stopped paying several vendors whose services it was still using.

19. Twitter also cancelled many contracts and stopped paying people to whom it owes money.

**C. 2023: Musk-owned Twitter Ignores Nube's Outstanding Invoices**

20. Between September and mid-November 2022, Nube submitted six invoices to Twitter for a total of $287,830:

| Invoice No. | | Date Issued | Amount |
|---|---|---|---|
| 211 | | 9/13/22 | $40,600 |
| 213 | | 9/16/22 | $67,830 |
| 217 | | 10/21/22 | $10,500 |
| 218 | | 11/10/22 | $75,300 |
| 219 | | 11/10/22 | $41,100 |
| 220 | | 11/16/22 | $52,500 |
| | | **Total:** | $287,830 |

21. Nube provided all the services for which it invoiced Twitter and did not receive any complaints.

22. Indeed, Twitter's supplier portal indicates—and has indicated since at least December 2022—that Twitter had approved all the outstanding Nube invoices. A true and correct copy of screenshots from that supplier portal is attached to this complaint as **Exhibit A** and is incorporated by reference.

23. Most of Nube's contacts at Twitter were terminated in October or November 2022.

24. Following the acquisition, Nube corresponded about its outstanding invoices with its remaining contacts at the company. They gave no indication that Twitter disputed it owed the amounts on the invoices and offered no justification for not paying.

25. Section 4.1 of the MSA makes payment due within 60 days of Twitter's receipt of an invoice.

26. Under MSA Section 10.2, Nube may terminate the MSA if Twitter "breaches any material term of this Agreement and fails to cure such breach … within ten (10) days following written notice thereof from [Nube]."

27. On January 27, 2023, Nube, through its outside counsel, sent Twitter a written notice of breach for failure to pay the invoices within the 60-day period. A true and correct copy of that letter, excluding its exhibits, is attached to this complaint as **Exhibit B** and is incorporated by reference. Twitter did not respond to Nube's letter and did not cure its breach by paying Nube's invoices.

**<u>FIRST CAUSE OF ACTION</u>**

**(Breach of Written Contract)**

28. Nube hereby re-alleges the allegations set forth in the paragraphs above.

29. Nube and Twitter entered into the MSA under which Nube agreed to provide services to Twitter and Twitter agreed to pay for those services within 60 days of Nube submitting them.

30. Nube did all, or substantially all, of the significant things that the MSA required it to do or was excused from having to do those things.

31. Twitter breached the MSA by failing to pay Nube's invoices on or before 60 days after Nube submitted them and within the cure period following Nube's January 27, 2023 notice of breach.

32. As a direct and proximate result of Twitter's breach of contract, Nube has suffered damages in the amount of $287,830.

**<u>SECOND CAUSE OF ACTION</u>**

**(Common Count – Account Stated)**

33. Nube hereby re-alleges the allegations set forth in the paragraphs above.

34. Nube and Twitter, by Nube submitting invoices and Twitter approving them, agreed

that the amount that Nube claims is due from Twitter—$287,830—was the correct amount owed.

35. An account was stated by and between Nube and Twitter under which it was agreed that Twitter was indebted to Nube in the sum of $287,830.

36. No part of that sum has been paid despite Nube's demands. As such, the sum of $287,830, together with interest, is now due, owing and unpaid on the account stated.

**THIRD CAUSE OF ACTION**

**(Common Count – Open Book Account)**

37. Nube hereby re-alleges the allegations set forth in the paragraphs above.

38. Nube and Twitter had financial transactions with each other, namely, Nube submitted its invoices under the MSA for approval and Twitter approved them in its supplier portal before paying them.

39. By no later than January 16, 2023, Twitter became indebted to Nube in the sum of $287,830 for services provided to Twitter.

40. Nube has repeatedly demanded payment from Twitter. The last demand was made on January 27, 2023.

41. No payment has been made by Twitter to Nube on the amount $287,830 due and owing, together with interest, is now due, owing and unpaid on the open book account.

WHEREFORE, Nube seeks judgment as set forth herein.

**PRAYER FOR RELIEF**

WHEREFORE, Nube demands judgment on this Complaint and an award of monetary relief against Twitter as follows:

1. compensatory damages of $287,830;
2. costs of suit;
3. awardable pre- and post-judgment interest at the maximum legal rate; and
4. entry of an Order for any further relief as the Court may deem just and proper.

Dated: March 1, 2023

ETHAN JACOBS LAW CORPORATION

By: /s/ Ethan Jacobs
ETHAN JACOBS
Attorneys for Plaintiff
Nube Group LLC

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury in this action on any issue triable of right by a jury.

Dated: March 1, 2023

ETHAN JACOBS LAW CORPORATION

By: /s/ Ethan Jacobs
ETHAN JACOBS
Attorneys for Plaintiff
Nube Group LLC

# Exhibit A

Supplier | English ▾ | PABLO KITAY

**NUBE GROUP LLC**

Open Purchase Orders 5

Recent Payments 57

PURCHASE ORDERS | INVOICES | PAYMENTS | CASES | CHANGE REQUESTS | COMPANY INFO | DOCUMENTS

Q&A

Search Invoices...

| Invoice# | Invoice Details | Invoice Date | Invoice Receiv... | Due Date | PO# | Operating Unit |
|---|---|---|---|---|---|---|
| 0000220 Not Paid | Invoice Type: Standard<br>Invoice Status: Validated<br>Approval Status: APPROVED<br>Invoice Amount: 52,500.00<br>Invoice Currency: USD | 11/16/2022 | 11/16/2022 | 01/15/2023 | 10140245 | Twitter, Inc. |
| 0000219 Not Paid | Invoice Type: Standard<br>Invoice Status: Validated<br>Approval Status: APPROVED<br>Invoice Amount: 41,100.00<br>Invoice Currency: USD | 11/10/2022 | 11/10/2022 | 01/09/2023 | 10140549 | Twitter, Inc. |
| 0000218 Not Paid | Invoice Type: Standard<br>Invoice Status: Validated<br>Approval Status: APPROVED<br>Invoice Amount: 75,300.00<br>Invoice Currency: USD | 11/10/2022 | 11/10/2022 | 01/09/2023 | 10140135 | Twitter, Inc. |
| 0000217 Not Paid | Invoice Type: Standard<br>Invoice Status: Validated<br>Approval Status: APPROVED<br>Invoice Amount: 10,500.00<br>Invoice Currency: USD | 10/21/2022 | 10/21/2022 | 12/20/2022 | 10139946 | Twitter, Inc. |

No comments yet!

Comment here... Hold

FAQs

How can I update my company's account info?

Click on "COMPANY INFO" on the top row. You can update any part of your company's record in the sub-sections:

Company Information (Company Name / Tax ID)

Location Information (Corporate Address/ Remittance address)

Supplier | English | PABLO KITAY

NUBE GROUP LLC

Open Purchase Orders 5

Recent Payments 57

PURCHASE ORDERS | INVOICES | PAYMENTS | CASES | CHANGE REQUESTS | COMPANY INFO | DOCUMENTS

Search Invoices...

| Invoice# | Invoice Details | | | | PO# | Operating Unit |
|---|---|---|---|---|---|---|
| 0000213 Not Paid | Invoice Type: Standard<br>Invoice Status: Validated<br>Approval Status: APPROVED<br>Invoice Amount: 67,830.00<br>Invoice Currency: USD | Invoice Date 09/16/2022 | Invoice Receiv... 09/16/2022 | Due Date 11/15/2022 | 42010925 | Twitter International Unlimited Company |
| 0000211 Not Paid | Invoice Type: Standard<br>Invoice Status: Validated<br>Approval Status: APPROVED<br>Invoice Amount: 40,600.00<br>Invoice Currency: USD | Invoice Date 09/13/2022 | Invoice Receiv... 09/13/2022 | Due Date 11/12/2022 | 10137985 | Twitter, Inc. |
| 0000208 Paid | Invoice Type: Standard<br>Invoice Status: Validated<br>Approval Status: APPROVED<br>Invoice Amount: 40,000.00<br>Invoice Currency: USD | Invoiced On<br>Invoiced 08/12/2022 | Invoice Received 08/12/2022 | Paid Date 10/10/2022 | 10139215 | Twitter, Inc. |
| 0000206 Paid | Invoice Type: Standard<br>Invoice Status: Validated<br>Approval Status: APPROVED<br>Invoice Amount: 96,000.00<br>Invoice Currency: USD | Invoiced 07/13/2022 | Invoice Received 07/13/2022 | Paid Date 09/09/2022 | 10138491 | Twitter, Inc. |

Q&A

No comments yet!

Comment here...

FAQs

How can I update my company account info?

Click on "COMPANY INFO" on top row. You can update any pa of your company's record in the sub-sections:

Company Information (Company Name / Tax ID)

Location Information (Corporate Address/ Remittance address)

# Exhibit B

# Ethan Jacobs Law Corporation

January 27, 2023

**Via Email**
Twitter, Inc.
1355 Market Street, Suite 900
San Francisco, CA 94103
legalnotices@twitter.com

**Re: Twitter's Non-Payment of Approved Invoices from Nube Group LLC**

To Whom It May Concern:

I represent Nube Group LLC in its litigation matters and write to demand that Twitter pay Nube the amounts due under the October 31, 2018 Master Services Agreement between them. (the "**MSA**," attached as **Exhibit A**).

Between September and mid-November 2022, Nube submitted six invoices to Twitter for a total of $287,830 (attached as **Exhibit B**):

| **Invoice No.** | **Date Issued** | **Amount** |
|---|---|---|
| 211 | 9/13/22 | $40,600 |
| 213 | 9/16/22 | $67,830 |
| 217 | 10/21/22 | $10,500 |
| 218 | 11/10/22 | $75,300 |
| 219 | 11/10/22 | $41,100 |
| 220 | 11/16/22 | $52,500 |
| | **Total:** | $287,830 |

Nube provided all the services for which it invoiced Twitter and did not receive any complaints. Indeed, Twitter's supplier portal has indicated for some time that it approved all the invoices. (*See* screenshot attached as **Exhibit C**.) Since November 2022, following Twitter's acquisition and mass layoffs, Nube has corresponded about the invoices with its remaining contacts at the company, Ray Dowling and Emily Fortner. They gave no indication that Twitter disputed the amounts on the invoices were owed and offered no justification for not paying.

Section 4.1 of the MSA makes payment due within 60 days of Twitter's receipt of an invoice. Because every one of the invoices above is now overdue, Twitter is in breach of the contract.

Under MSA Section 10.2, Nube may terminate the MSA if Twitter "breaches any material term of this Agreement and fails to cure such breach … within ten (10) days following written notice thereof from [Nube]." This letter constitutes Nube's written notice of breach.

Twitter now is past the contractual payment deadline for all the invoices above. Please remit full payment within ten days or Nube will file a lawsuit to recover what Twitter owes.

Please feel free to contact me to discuss this matter.

Very truly yours,

Ethan Jacobs

Enclosures

cc, by email: Pablo Kitay [redacted]
Beatriz Castro [redacted]