1   J. JONATHAN HAWK (SBN 254350)
jhawk@whitecase.com
2   WHITE & CASE LLP
555 South Flower Street, Suite 2700
3   Los Angeles, CA  90071-2433
Telephone:  (213) 620-7700
4   Facsimile:  (213) 452-2329

5   Attorneys for X CORP., as successor in
interest to named defendant Twitter, Inc.
6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

10                      **SAN FRANCISCO DIVISION**

11   Nube Group LLC,                              No. 3:23-cv-00921-TSH

12                    Plaintiff,
                                                  **ANSWER TO COMPLAINT**
13

14         v.

15   Twitter, Inc.,

16                    Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

                                                  ANSWER TO COMPLAINT;
                                                  NO. 3:23-CV-00921-TSH

1    X Corp., as successor in interest to named Defendant Twitter, Inc. ("Twitter") hereby

2  answers the "Complaint" filed by plaintiff Nube Group, LLC ("Plaintiff").  Twitter denies any

3  allegation not expressly and unequivocally admitted.

4    As to the initial, unnumbered paragraph in the Complaint, Twitter admits that Plaintiff

5  filed the Complaint asserting claims against Twitter.  Twitter denies the remaining allegations,

6  whether express or implied, in that unnumbered paragraph of the Complaint.

7                              **NATURE OF ACTION**

8    1.    Twitter admits that Plaintiff's Complaint alleges Twitter failed to pay certain

9  invoices from Plaintiff.  Twitter denies all remaining allegations, whether express or implied, in

10 paragraph 1 of the Complaint.

11                          **JURISDICTION AND VENUE**

12   2.    Twitter lacks information or belief sufficient to answer the allegations in the first

13 two sentences in paragraph 2 of the Complaint regarding Plaintiff as a corporate entity, and its

14 purported ownership structure and owner, and, on that basis, denies them.  As to the third

15 sentence in paragraph 2 of the Complaint, Twitter admits that X Corp. is successor in interest to

16 Twitter, Inc., and is incorporated under the laws of the State of Nevada with headquarters in San

17 Francisco, California.  Twitter admits the Court has subject matter jurisdiction over this action.

18 Twitter denies all remaining allegations, whether express or implied, in paragraph 2 of the

19 Complaint.

20   3.    Twitter admits that the Court has personal jurisdiction over it for this case

21 because Twitter conducts business and is headquartered in San Francisco.  Twitter states that the

22 remaining allegations in paragraph 3 of the Complaint refer to the Master Services Agreement

23 ("MSA") between Twitter and Plaintiff, dated October 31, 2018, that speaks for itself, and refers

24 to that document for a complete description of its content.  Twitter denies the allegations in

25 paragraph 3 to the extent they do not fully and accurately reflect the same.

26   4.    Twitter admits venue is proper in this District because Twitter conducts business

27 and is headquartered in San Francisco.  Twitter states that the remaining allegations in

28 paragraph 4 of the Complaint refer to the MSA that speaks for itself, and refers to that document

ANSWER TO COMPLAINT;
NO. 3:23-CV-00921-TSH

1    for a complete description of its content.  Twitter denies those allegations in paragraph 4 to the

2    extent they do not fully and accurately reflect the same.

### DIVISIONAL ASSIGNMENT

4        5.       Twitter admits that assignment to the San Francisco Division is warranted

5    because Twitter conducts business and is headquartered in San Francisco.  Twitter denies all

6    remaining allegations, whether express or implied, in paragraph 5 of the Complaint.

### THE PARTIES

8        6.       Twitter lacks information or belief sufficient to answer the allegations in

9    paragraph 6 of the Complaint, and, on that basis, denies them.

10       7.       Twitter admits that X Corp. is successor in interest to Twitter, Inc., is

11   incorporated under the laws of the State of Nevada with headquarters in San Francisco,

12   California, and operates the Twitter service.  Twitter denies all remaining allegations, whether

13   express or implied, in paragraph 7 of the Complaint.

### COMMON FACTUAL ALLEGATIONS

15       8.       Twitter admits that it entered into the MSA and Statements of Work ("SOWs")

16   with Plaintiff.  The SOWs provide, in part, that Twitter will pay "upon completion of the project

17   and Twitter's written acceptance of all Services and Deliverables described in this SOW."

18   Twitter states that the remaining allegations in paragraph 8 of the Complaint refer to the MSA,

19   that speaks for itself, and refers to that document for a complete description of its content.

20   Twitter denies those allegations in paragraph 8 to the extent they do not fully and accurately

21   reflect the same, as well as the related SOWs.

22       9.       Twitter admits that it entered into the MSA and SOWs with Plaintiff.  Twitter

23   lacks information or belief sufficient to answer the remaining allegations in paragraph 9 of the

24   Complaint and, on that basis, denies them.

25       10.      Twitter lacks information or belief sufficient to answer the allegations in

26   paragraph 10 of the Complaint and, on that basis, denies them.

27       11.      Paragraph 11 contains Plaintiff's characterization of the Twitter acquisition, and

28   does not set forth a claim for relief or aver facts in support of a claim to which a response is

2

ANSWER TO COMPLAINT;
NO. 3:23-CV-00921-TSH

1    required.  To the extent that a response is required, Twitter admits that in April 2022, Elon

2    Musk offered to acquire Twitter, Inc., and Twitter, Inc. agreed to accept the offer, at a price of

3    $54.20 per share.  Twitter lacks information or belief sufficient to answer the remaining

4    allegations in paragraph 11 of the Complaint and, on that basis, denies them.

5         12.    Paragraph 12 contains Plaintiff's characterization of the Twitter acquisition, and

6    does not set forth a claim for relief or aver facts in support of a claim to which a response is

7    required.  To the extent that a response is required, Twitter admits that Twitter, Inc. initiated

8    litigation against Mr. Musk in the Court of Chancery in the State of Delaware (C.A. No. 2022-

9    0613-KSJM) regarding Mr. Musk's offer to acquire Twitter.  Twitter admits that the litigation

10   has been resolved and that the acquisition of Twitter has since concluded.  Twitter lacks

11   information or belief sufficient to answer the remaining allegations in paragraph 12 of the

12   Complaint and, on that basis, denies them.

13        13.    Twitter admits that the acquisition concluded on October 27, 2022.  Twitter

14   denies all remaining allegations, whether express or implied, in paragraph 13 of the Complaint.

15        14.    Paragraph 14 contains Plaintiff's characterization of personnel matters at Twitter,

16   and does not set forth a claim for relief or aver facts in support of a claim to which a response is

17   required.  To the extent that a response is required, Twitter admits that it has experienced layoffs

18   and resignations in its workforce since the time the acquisition was concluded on October 27,

19   2022.  Twitter denies all remaining allegations, whether express or implied, in paragraph 14 of

20   the Complaint.

21        15.    Paragraph 15 contains Plaintiff's characterization of Twitter's alleged

22   moderation decisions, and does not set forth a claim for relief or aver facts in support of a claim

23   to which a response is required.  To the extent that a response is required, and given the lack of

24   particularized scope of the allegations in Paragraph 15, Twitter lacks information or belief to

25   answer those allegations and, on that basis, denies them.

26        16.    Paragraph 16 contains Plaintiff's characterization of the purported impact of

27   Twitter's alleged moderation decisions, and does not set forth a claim for relief or aver facts in

28   support of a claim to which a response is required.  To the extent that a response is required,

3

1   Twitter denies the allegations in paragraph 16 of the Complaint.

2          17.     Paragraph 17 contains Plaintiff's characterization of Twitter's alleged post-

3   acquisition operations, and does not set forth a claim for relief or aver facts in support of a claim

4   to which a response is required.  To the extent that a response is required, denies all remaining

5   allegations in paragraph 17 of the Complaint.

6          18.     Twitter admits it is working with some vendors and landlords to review existing

7   contracts.  Twitter lacks information or belief sufficient to answer the remaining allegations in

8   paragraph 18 of the Complaint and, on that basis, denies them.

9          19.     Twitter admits it is working with some counter-parties to review contracts.

10  Twitter lacks information or belief sufficient to answer the remaining allegations in paragraph

11  19 of the Complaint and, on that basis, denies them.

12         20.     Twitter admits that Plaintiff has issued six invoices to Twitter, totaling $287,830.

13  Those six invoices are numbered 0000211 (dated September 13, 2022, for $40,600), 0000213

14  (dated September 16, 2022, for $67,830), 0000217 (dated October 21, 2022, for $10,500),

15  0000218 (dated November 10, 2022, for $73,300), 0000219 (dated November 10, 2022, for

16  $41,100), and 0000220 (dated November 16, 2022, for $52,500).  Twitter denies that it provided

17  "written acceptance of all Services and Deliverables" as described in the relevant SOWs for

18  services falling within the invoices referenced in the Complaint.  Twitter denies all remaining

19  allegations, whether express or implied, in paragraph 20 of the Complaint.

20         21.     Twitter lacks information or belief sufficient to answer the allegations in

21  paragraph 21 of the Complaint and, on that basis, denies them.

22         22.     Twitter states that the allegations in paragraph 22 of the Complaint refer to a

23  document, which speaks for itself, and refers to that document for a complete description of its

24  content.  Twitter denies the allegations in paragraph 22 to the extent they do not fully and

25  accurately reflect the same.  Twitter nonetheless denies that it provided "written acceptance of

26  all Services and Deliverables" as described in the relevant SOWs for services falling within the

27  invoices referenced in the Complaint.

28         23.     Twitter lacks information or belief sufficient to answer the allegations in

1  paragraph 23 of the Complaint and, on that basis, denies them.

2       24.     Twitter lacks information or belief sufficient to answer the allegations in

3  paragraph 24 of the Complaint and, on that basis, denies them.

4       25.     Twitter states that the allegations in paragraph 25 of the Complaint refer to the

5  MSA that speaks for itself, and refers to that document for a complete description of its content.

6  Twitter denies the allegations in paragraph 25 to the extent they do not fully and accurately

7  reflect the same.  Twitter nonetheless denies that it provided "written acceptance of all Services

8  and Deliverables" as described in the relevant SOWs for services falling within the invoices

9  referenced in the Complaint.

10       26.     Twitter states that the allegations in paragraph 26 of the Complaint refer to the

11  MSA that speaks for itself, and refers to that document for a complete description of its content.

12  Twitter denies the allegations in paragraph 26 to the extent they do not fully and accurately

13  reflect the same.

14       27.     Twitter states that the allegations in the first sentence of paragraph 27 of the

15  Complaint refer to a written document that speaks for itself, and refers to that document for a

16  complete description of its content.  Twitter denies the allegations in paragraph 26 to the extent

17  they do not fully and accurately reflect the same.  Twitter further denies that it has not

18  responded to Plaintiff's letter as of the date of this Answer, denies that it breached the MSA or

19  SOWs, and denies all remaining allegations, whether express or implied, in paragraph 27 of the

20  Complaint.

21  **FIRST CAUSE OF ACTION**

22  **(Breach of Written Contract)**

23       28.     Twitter incorporates by reference its responses to paragraphs 1-27.

24       29.     Twitter admits that it entered into a MSA and SOWs with Plaintiff.  The SOWs

25  provide, in part, that Twitter will pay "upon completion of the project and Twitter's written

26  acceptance of all Services and Deliverables described in this SOW."  Twitter states that the

27  remaining allegations in paragraph 29 of the Complaint refer to the MSA, that speaks for itself,

28  and refers to that document for a complete description of its content.  Twitter denies the

5

allegations in paragraph 29 to the extent they do not fully and accurately reflect the same, as

well as the related SOWs.

30.    Twitter denies the allegations in paragraph 30 of the Complaint.

31.    Twitter denies the allegations in paragraph 31 of the Complaint.

32.    Twitter denies the allegations in paragraph 32 of the Complaint.

## SECOND CAUSE OF ACTION

### (Common Count – Account Stated)

33.    Twitter incorporates by reference its responses to paragraphs 1-32.

34.    Twitter denies the allegations in paragraph 34 of the Complaint.

35.    Twitter denies the allegations in paragraph 35 of the Complaint.

36.    Twitter denies the allegations in paragraph 35 of the Complaint.

## THRID CAUSE OF ACTION

### (Common Count – Open Book Account)

37.    Twitter incorporates by reference its responses to paragraphs 1-36.

38.    Twitter admits that Plaintiff has issued since invoices to Twitter, totaling

$287,830.  Those six invoices are numbered 0000211 (dated September 13, 2022, for $40,600),

0000213 (dated September 16, 2022, for $67,830), 0000217 (dated October 21, 2022, for

$10,500), 0000218 (dated November 10, 2022, for $73,300), 0000219 (dated November 10,

2022, for $41,100), and 0000220 (dated November 16, 2022, for $52,500).  Twitter denies that it

provided "written acceptance of all Services and Deliverables" as described in the relevant

SOWs for services falling within the invoices referenced in the Complaint.

39.    Twitter denies the allegations in paragraph 39 of the Complaint.

40.    Twitter lacks information or belief sufficient to answer the allegations in

paragraph 40 of the Complaint and, on that basis, denies them.

41.    Twitter denies the allegations in paragraph 41 of the Complaint.

## AFFIRMATIVE DEFENSES

Twitter alleges the following separate and additional defenses and objections.  By

pleading these objections, Twitter does not, in any way, agree or concede it has the burden of

6

proof or persuasion on any of these issues.  Twitter reserves the right to assert additional defenses and objections in the event discovery or further investigation demonstrates any such defenses or objections are appropriate or applicable.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Complaint fails to allege facts sufficient to state a claim against Twitter.

**SECOND AFFIRMATIVE DEFENSE**

**(Performance)**

Twitter has performed and satisfied each and every obligation imposed on it, if any, by agreement and by law.

**THIRD AFFIRMATIVE DEFENSE**

**(Good Faith)**

Twitter acted at all times in good faith with respect to all contract action regarding Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

**(Breach of Contract)**

Plaintiff breached the operative written agreement it entered into with Twitter and, as such, Twitter is excused from performing all of its obligations set forth in that contract and Plaintiff is barred from obtaining any relief under it.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Legal / Contractual Violations By Twitter)**

Twitter did not violate any express, implied and/or ostensible duties, obligations, and/or responsibilities owing to Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

**(Estoppel and Waiver)**

The claim in the Complaint is barred by the doctrines of estoppel and/or waiver.

//

//

7

ANSWER TO COMPLAINT;
NO. 3:23-CV-00921-TSH

1
2

### SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

3      Plaintiff is barred by the doctrine of unclean hands from asserting the claim in the

4   Complaint.

5

### EIGHTH AFFIRMATIVE DEFENSE

6

### (Estoppel)

7      Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

8

### NINTH AFFIRMATIVE DEFENSE

9

### (Waiver)

10      Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

11

### TENTH AFFIRMATIVE DEFENSE

12

### (Failure to Mitigate Damages)

13      Plaintiff's claims are barred, in whole or in part, as a result of its failure to mitigate its

14   alleged damages, if any.

15

### ELEVENTH AFFIRMATIVE DEFENSE

16

### (Contributing Act)

17      Plaintiff has suffered no damage or injury as a direct or proximate result of Twitter's

18   actions alleged in the Complaint.

19

### TWELFTH AFFIRMATIVE DEFENSE

20

### (Frustration of Purpose)

21      The Complaint and each purported cause of action therein is barred because of the

22   doctrine of frustration of purpose.

23

### THIRTEENTH AFFIRMATIVE DEFENSE

24

### (Impracticability)

25      Twitter's alleged duties as claimed in the Complaint, if any so existed, have been excused

26   in that the performance of said obligation(s) is and has been made impractical.

27

### PRAYER FOR RELIEF

28      WHEREFORE, Twitter prays for judgment as follows:

8

ANSWER TO COMPLAINT;
NO. 3:23-CV-00921-TSH

1     A.     Plaintiff take nothing by the Complaint, and the court enters judgment against

2   plaintiff and in favor of Twitter;

3     B.     The court awards Twitter its costs of suit; and

4     C.     Such other and further relief as this court deems just and proper.

5   Dated:  April 14, 2023                           WHITE & CASE LLP

6

7

8                                         By: _____/s/ J. Jonathan Hawk_____
                                                   J. Jonathan Hawk

9                                            Attorneys for X CORP., as
                                             successor in interest to named
10                                           defendant Twitter, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                         9

                                                   ANSWER TO COMPLAINT;
                                                   NO. 3:23-CV-00921-TSH